UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLI MORTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-25-381-R |
| ) | |
| CITY OF MOORE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant City of Moore's Motion to Dismiss [Doc. No. 5]. Plaintiff Kimberli Morton responded [Doc. No. 7], and Defendant City replied [Doc. No. 9]. The matter is now at issue. For the reasons that follow, Defendant City's Motion is GRANTED.

## BACKGROUND

Mr. Travis Warren was arrested by the Moore Police Department [Doc. No. 1-3, ¶ 11]. He needed medical attention and was taken to OU Medical Center. *Id*. ¶ 12. While receiving treatment—and under Defendant City's supervision—he attacked and injured Plaintiff, a nurse at OU Medical Center. *Id*. ¶¶ 12-15. This suit followed.

Plaintiff originally sued Defendant City in state court. In her original Petition [Doc. No. 1-2], she asserted only a single claim of state law negligence. She later amended her Complaint to include a claim for constitutional violations through 42 U.S.C. § 1983. Doc. No 1-3, ¶ 17. Defendant City promptly removed the case to this Court [Doc. No. 1-1].

1

Defendant City now moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that it is immune from suit under the Oklahoma Government Tort Claims Act (OGTCA), and that Plaintiff's constitutional claim is defectively pled. Doc. No. 5 at p. 2. Plaintiff responds that Defendant City is not immune from liability under state law, that her constitutional claim is adequately alleged, and that under state law pleading standards, the Amended Petition provides proper notice to defeat Defendant City's Motion. Doc. No. 7 at pp. 3-6, 7-11.

## LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) if the pleading fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion, the [pleading] 'must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And "[a]lthough the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still 'must nudge the claim across the line from conceivable or speculative to plausible.'" *Id*. (quoting *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)).

## DISCUSSION

**A. Plaintiff's constitutional claim brought pursuant to § 1983 fails to state a plausible claim for relief.**

The Amended Petition recites the relevant portion of § 1983, which provides a procedural mechanism for suit when an individual suffers a "deprivation of any rights, privileges, or immunities secured by the Constitution[.]" Doc. No. 1-3, ¶ 17 (citing 42 U.S.C. § 1983). But "'§ 1983 is not itself a source of substantive rights.'" *Sturdivant v. Fine*, 22 F.4th 930, 935 (10th Cir. 2022) (quoting *Sawyers v. Norton*, 962 F.3d 1270, 1282 (10th Cir. 2020) (brackets omitted). The statute "serves instead only as a vehicle to 'provide relief against those, who acting under color of law, violate federal rights created elsewhere.'" *Id*. (quoting *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016)) (brackets omitted). And Plaintiff cites to neither constitutional amendment nor federal statute to support her § 1983 claim. This omission is "fatal to her claim." *See Reynolds v. Sch. Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1536 (10th Cir. 1995).

Plaintiff's § 1983 claim is therefore dismissed.

**B. Defendant City was acting pursuant to a protective function and is therefore immune from liability under the OGTCA.**

Defendant City asserts that it is immune from liability under the OGTCA—specifically, Okla. Stat. tit. 51, § 155(6), which provides a shield from liability for "the failure to provide, or the method of providing, police, law enforcement or fire protection." The dispositive issue under Oklahoma law is whether Defendant City, when supervising Mr. Warren, was performing a protective function or a law enforcement function. *See Salazar v. City of Okla. City*, 1999 OK 20, ¶ 25, 976 P.2d 1056.

3

Section 155(6) is not "a complete bar to liability under any circumstances." *Prichard v. City of Okla. City*, 1999 OK 5, ¶ 13, 975 P.2d 914. Rather, the exemption "is invocable when the tort arises while a municipality is rendering services that fall into some category of *police protection, law enforcement protection, or fire protection*." *Salazar*, 1999 OK 20, ¶ 26 (emphasis in original). So "'[p]rotection' serves as the key word for the textual analysis…" and "[a] scenario in which a *law enforcement function* is negligently carried out—as in actions incident to arrest or imprisonment—must be distinguished from *negligently providing protective service*." *Id.* ¶¶ 26-27 (emphasis in original).

The Court finds *Vaughn v. City of Tulsa*, 1999 OK CIV APP 9, 974 P.2d 188, instructive, and holds that Defendant City was performing a protective function when Plaintiff was attacked. The facts of *Vaughn* were as follows:

> "City of Tulsa Police Officers arrested Previn D. Jackson, handcuffed him and placed him in a police car, with the ignition running. The officers were outside of the car talking when Jackson managed to slide his hands underneath himself, unlatch his seatbelt and drive the police car away. In his escape attempt, he drove the police car into a vehicle occupied by Plaintiffs. Plaintiffs sued for damages."

*Id.* ¶ 1. The *Vaughn* Court affirmed the district court's grant of summary judgment for the City of Tulsa, holding that "Jackson's attempted escape from custody was alleged to be a result of the method of providing law enforcement protection, § 155(6) exempts Tulsa from liability for damages suffered by an innocent third party who is injured by the escaping arrestee." *Id.* ¶ 8.

Here, while Defendant City undoubtedly was carrying out a law enforcement function when it arrested Mr. Warren, its relationship to Plaintiff was different. Once Mr.

4

Warren was in custody and placed in medical treatment, Defendant City's relationship to Plaintiff became one of protection—that is, protecting Plaintiff from Mr. Warren. In that regard, it is plausible that Defendant City could have done better. But at bottom, Plaintiff suffered "damage from a third party [and] claimed the damages were increased by the failure of the city to supply proper…police protection." *Id.* ¶ 7 (citing *Shockey v. City of Okla. City*, 1981 OK 94, 632 P.2d 496). Defendant City—like the political subdivisions in *Shockey* and *Vaughn*—is immune from suit under those facts.

Plaintiff's state law negligence claim is dismissed.

## CONCLUSION

Accordingly, Defendant City's Motion to Dismiss is GRANTED.[1]

IT IS SO ORDERED this 8th day of July, 2025.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Defendant City's Motion to Strike [Doc. No. 6] is denied as moot. Additionally, to the extent that Plaintiff seeks leave to amend her Amended Complaint within her Response, she fails to adhere to the Local Rules regarding amendment, and her request is denied accordingly. *See* LCvR15.1.